UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROB ERIC EZELL,

     Plaintiff,

v.                                        Case No. 3:23cv16487-LC-HTC

SERGEANT BROWN, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Rob Eric Ezell, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint asserting violations of his Eighth Amendment rights. ECF Doc. 1. Upon review, the undersigned recommends this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B) as malicious for abuse of the judicial process due to Plaintiff's failure to fully disclose his litigation history.

## I.    STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 *et seq.*, "the court shall dismiss the case at *any time* if the court determines that . . . the action or appeal is frivolous or malicious; fails to state a claim upon which relief

may be granted; or seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B) (emphasis added); *see also* 28 U.S.C. § 1915A(b).

## II.    FAILURE TO DISCLOSE

Section VIII of Plaintiff's complaint, entitled "PRIOR LITIGATION," requires Plaintiff to truthfully disclose his litigation history.  Subsection A asks the following question: "**Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?**"  ECF Doc. 1 at 9–10 (emphasis in original).  Plaintiff answered "No" and did not identify any cases.

Subsection C asks, "**Have you filed any other lawsuit, habeas corpus petition, or appeal in *state or federal court* either challenging your conviction or relating to the conditions of your confinement?**"  *Id.* at 11–12 (emphasis in original).  Plaintiff answered "Yes" to this question and stated he has filed two 1983 cases, one in 1996 and one in 1998, a 1994 appeal of a criminal case, and a 2017 or 2018 habeas appeal of a CRD violation.[1]  *See* ECF Doc. 1 at 9–13, 20.

In Section IX titled "CERTIFICATION," Plaintiff declared "under penalty of

---

[1] Although Plaintiff did not provide any other identifying information for these cases, such as the case style or case number, the Court was able to identify the cases on PACER with the description provided.

perjury, that all of the information stated above and included on or with this form, **including my litigation history,** is true and correct." ECF Doc. 1 at 13 (emphasis added).

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms. Upon such an investigation, the Court discovered Plaintiff's responses are false. Plaintiff did not disclose any of the cases underlying his "CRD violation" appeals, including Case Nos. 2017 CA 863 (Fla. 2nd Cir. Ct.), in which Plaintiff sought to restore lost gain time, and 2018 CA 215 (Fla. 14th Cir. Ct.), a habeas petition seeking to overturn the revocation of his conditional release.

Additionally, Plaintiff failed to disclose *Ezell v. Moore, et al.*, No. 8:99-cv-00659-JSM (M.D. Fla. Oct. 10, 2000), a section 1983 action case challenging the policies and procedures of Tomoka Correctional Institution, which was dismissed for failure to exhaust. Plaintiff also did not disclose his appeal in that case, *see Ezell v. Moore, et al.*, No. 00-16767-J (11th Cir. June 11, 2001), which was dismissed as "frivolous" and, thus, subject to disclosure within Subsection VIII.A of the complaint.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. Likewise, Plaintiff cannot avoid being truthful

by stating that he does not have his records at Blackwater River Correctional Facility. Even without his records, Plaintiff should have "err[ed] on the side of caution" as instructed in the complaint form, ECF Doc. 1 at 9, and identified the nature of these other suits. It is not acceptable for Plaintiff to simply omit these cases completely.

If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Also, Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners that "*failure to disclose all prior state and federal—including but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.*" ECF Doc. 1 at 9 (emphasis in original). Nonetheless, Plaintiff made at least two false representations in his complaint. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

The Court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's failure to provide the Court with true and complete factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case

without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, at ECF Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Plaintiff's failure to truthfully disclose his litigation history was "malicious" under the PLRA, § 1915(e)(2)(B)(i) and is grounds for dismissal.

Accordingly, it is respectfully RECOMMENDED:

1.      This case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B) as malicious for abuse of the judicial process due to Plaintiff's failure to fully disclose his litigation history.

2.      The clerk be directed to close the file.

At Pensacola, Florida, this 30th day of August, 2023.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1.